Hon. Walter C. Foulke Village Attorney, Union Springs
This is in response to the letter of your associate, Allan J. Bentkofsky, wherein he enclosed a copy of the proposed Dog Control Law of the Village of Union Springs and asked two questions: First — May this ordinance be considered a restriction upon the keeping of dogs not inconsistent with provisions of Article 7 of the Agriculture and Markets Law? Second — may the dog warden issue appearance tickets to persons in violation of section 5 (2) (3) (4) of the proposed ordinance?
Section 5 (2) (3) (4) of the proposed ordinance provides:
"SECTION 5: RESTRICTIONS
* * *
 "(2) No unspayed female dog in season shall be allowed to roam nor shall she be left unattended without the precaution of properly enclosing her either by fence or cage.
 "(3) No owner shall harbor a dog which habitually howls or barks so as to disturb the peace and quiet of other persons of reasonable sensitivity
 "(4) No owner of any dog shall allow such animal to become a Public Nuisance as defined in Section 3, Article 6 above."
Section 3, Article 6 of the proposed ordinance provides:
"SECTION 3: DEFINITIONS
* * *
"(6) Nuisance Dogs — Any dog which:
"(A) Damages public property, or
 "(B) Habitually or seriously disturbs the peace and quiet of the neighborhood by barking, howling, or making or producing other noises.
 "(C) Habitually chases any person, bicycle, automobile, or other vehicle within the Village of Union Springs.
 "(D) Strews or disburses garbage or refuse which is lawfully set out for collection."
The Legislature, by the adoption of section 126 of the Agriculture and Markets Law, has authorized villages to impose restrictions "upon the keeping and running at large of dogs" within the village, provided that the restrictions are not inconsistent with other provisions of Article 7 (see 1972 Atty Gen [Inf Opns] 197). We have reviewed the proposed ordinance and although we cannot make a judicial determination, it is our opinion that the ordinance is within the contemplation of section 126 of the Agriculture and Markets Law and not inconsistent with any other provision of Article 7.
The second question deals with the power of the dog warden to enforce certain provisions of the proposed ordinance. The Legislature has specifically authorized the dog warden to issue appearance tickets in the execution of the provisions of Article 7 of the Agriculture and Markets Law (Agriculture and Markets Law, § 119). Section 126, which authorizes the enactment of the proposed ordinance (supra), also authorizes the imposition of penalties and the enforcement of such penalties by "fine or imprisonment." Subdivision 2 (a) of said section further provides for the issuance of appearance tickets pursuant to the Criminal Procedure Law for violations thereof. We feel, therefore, that the only consistent construction of this article would substantiate the view that the dog warden has the power to issue appearance tickets to enforce the entire proposed ordinance, including the above-quoted sections.
It should be noted, however, that there has been recent legislation in this area. A copy of these laws (L 1978, ch 220; amd L 1978, ch 221) is enclosed herein for your inspection. Chapter 220 repeals Article 7 and thereafter amends the Agriculture and Markets Law by adding a new Article 7. Your attention is directed to section 7 of Chapter 220 and section 4 of Chapter 221 for the applicable effective dates of the new article and amendment thereto. The opinion expressed herein is therefore limited to enactment of the proposed ordinance before the aforesaid effective dates of the new Article 7.